**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLIS RANDOLPH,

                Petitioner - Appellant,

   v.

PEOPLE OF THE STATE OF
CALIFORNIA; et al.,

                Respondents - Appellees.

No. 08-16275

D.C. No. 1:93-cv-05604-LJO

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted August 12, 2010
San Francisco, California

Before: GRABER, CALLAHAN, and BEA, Circuit Judges.

    Petitioner Willis Randolph appeals the district court's denial of his petition

for a writ of habeas corpus, which challenged his 1989 conviction for first degree

murder and use of a firearm. Randolph contends that his jailhouse cell mate,

Ronnie Moore, should not have been permitted to testify at trial about

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

incriminating statements Randolph had made about the murder, because Moore was a state agent at the time of the confession, and Randolph had defense counsel before he talked with Moore. Moore's testimony is claimed to have violated Randolph's Sixth Amendment rights under *Massiah v. United States*, 377 U.S. 201, 206 (1964), which prohibits the government from deliberately eliciting incriminating statements from a criminal suspect once the right to counsel has attached. Randolph also contends that his due process rights under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), were violated because the government did not disclose the potentially exculpatory fact that Moore's testimony could be suppressed under *Massiah.*

Both claims turn on whether Moore was a state agent when Randolph confessed to Moore. The district court found that Moore was not. We hold there were ample facts upon which the district court could base its finding. Because the district court did not clearly err, we affirm the denial of Randolph's habeas petition.[1]

Because Randolph's petition was filed prior to the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we apply pre-

---

[1] Because the parties are familiar with the facts of the case, we will repeat them here only to the extent necessary to explain our decision.

2

AEDPA law.  *Alcala v. Woodford*, 334 F.3d 862, 868 (9th Cir. 2003).  Under pre-AEDPA law, we review the denial of petitioner's habeas petition *de novo*, but we review the district court's finding of facts for clear error.  *Turner v. Calderon*, 281 F.3d 851, 864 (9th Cir. 2002).

It is undisputed that Randolph made several incriminating statements to Moore between August 17 and August 24, 1989.  The district court had a sufficient basis for its finding that the first meeting between Moore and prosecutors was on August 24, 1989. The district court also had sufficient evidence to conclude that Randolph made incriminating statements to Moore before August 17, 1989.

Finally, the district court had ample basis for its finding that Moore's post-1997 statements were not credible.  Moore has consistently stated that he does not remember the events of 1989 very well, and that his memory is not very good in general—due, in part, to his past abuse of marijuana.

Because the district court did not clearly err in finding that Moore was not a state agent when Randolph confessed to him, Randolph's *Massiah* and *Brady* claims were properly denied.

**AFFIRMED.**